# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBERT COTNER,** | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 08-458-JHP-KEW |
| **WALTER DINWIDDIE, Warden,** | ) |
| Respondent. | ) |

## OPINION AND ORDER

On April 10, 2009, the court entered an Opinion and Order dismissing this habeas corpus action as frivolous [Docket #9]. Petitioner Robert Cotner subsequently filed three motions challenging the court's decision: a motion to recuse the District Judge assigned to this case [Docket #12], a motion for rehearing and Rule 60(b) relief [Docket #11], and a petition for a writ of mandamus [Docket #14].

**Motion to Recuse [Docket #12]**

Petitioner alleges in his motion for recusal that the judge "has become an extension of both Judge Seay and of the Okla. State Dept. of Corr., has discriminated against petitioner because petitioner is mentally incompetent, and Judge Seay and Dept. of Corr. refused to provide petitioner legal assistance as required by the U.S. Supreme Court . . . ." He contends the District Judge's bias was apparent in the order dismissing this case, because the respondents were legally deemed to have confessed all the claims in the case as true.

The court finds petitioner has not pointed to any act or speech by the District Judge indicating bias or the appearance of impropriety. *See Mitchell v. Maynard*, 80 F.3d 1433, 1450 (10th Cir. 1996) (noting even appearance of impropriety must be avoided). To the

extent petitioner is relying on adverse rulings to show bias, "adverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification." *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993). Therefore, petitioner's notice to recuse the District Judge is DENIED.

**Motion for Rehearing and Rule 60(b) Relief [Docket #11]**

In its Opinion and Order dismissing this habeas action, the court found petitioner was attempting to re-litigate previously dismissed habeas corpus claims, and he was raising claims that should have been presented in a civil rights complaint. On April 21, 2009, he filed his motion for rehearing and Rule 60(b) relief, claiming he is a poor person, his petition was not frivolous, and he is mentally incompetent and suffering from delusions. He alleges this court has taken advantage of him and punished him by denying him access to the courts.

On August 10, 2009, petitioner filed a notice to the court [Docket #13], alleging that on July 30, 2009, a Magistrate Judge in the Western District of Oklahoma found "petitioner's habeas claims [were] valid and true, and held [the claims] must be brought in [the Eastern District] under 28 U.S.C. § 2241." The court records, however, show the Magistrate Judge in the Western District entered a Report and Recommendation that recommended *sua sponte* dismissal of petitioner's civil rights action for failure to state a claim. *Cotner v. Oklahoma*, No. CIV-2009-239-HE (W.D. Okla. July 30, 2009). According to the docket sheet for that case, the District Judge in the Western District has not ruled on the Magistrate's Report and Recommendation.

Regarding petitioner's motion for rehearing and Rule 60(b) relief, Rule 60(b) allows for relief from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Here, petitioner's motion is as rambling and incoherent as his petition. He claims he is entitled to relief, because the respondent did not refute his claims. He also complains that the court failed to address the merits of his claims and erroneously relied on his prior dismissed case. Even construing petitioner's allegations liberally, he has failed to allege any coherent grounds for rehearing or relief under Rule 60(b).

**Petition for Writ of Mandamus [Docket #14]**

Finally, petitioner has filed a petition for a writ of mandamus, asking for due process in prison disciplinary hearings and complaining of a "bogus" misconduct issued four months after disposition of this case. He argues he is entitled to a new misconduct hearing with due process protections.

After careful review, the court finds petitioner's new claim cannot be presented in this closed habeas corpus case. Petitioner must present any claims concerning disciplinary proceedings and loss of earned credits through a separate petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.

**ACCORDINGLY,** petitioner's motion to recuse the District Judge assigned to this case [Docket #12], motion for rehearing and Rule 60(b) relief [Docket #11], and petition for a writ of mandamus [Docket #14] are DENIED.

**IT IS SO ORDERED** this 23rd day of October 2009.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma